IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                               Case No.: 3:07cv315/LAC/EMT

WILLIAM McCOOL, CLERK,
    Defendant.
_____/

## ORDER

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 10).  The court notes that Plaintiff is suing a federal actor, not a state actor; therefore, his complaint is properly brought under 28 U.S.C. § 1331 and  Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388,  91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and the court will construe his complaint as brought under § 1331 and Bivens.

        From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendant.  Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

        Plaintiff, an inmate of the Escambia County Jail, names William McCool, Clerk of the United States District Court for the Northern District of Florida, as the sole Defendant in this action (Doc. 1 at 1, 2).  Plaintiff alleges that he wrote to the Clerk's Office of this Court, requesting "another" civil rights complaint form and the address of the United States Supreme Court, but "the Clerk" refused his requests (*id*. at 5).  Plaintiff states he requested the address of the Supreme Court on three separate occasions, but "the Clerk" refused to provide it (*id*.).  Plaintiff additionally asserts that "the Clerk and its friends and constituent" have conspired to harass him and violate his civil rights, and they are "connected to a major drug case" (*id*. at 6).  Plaintiff then states, "Fuck you,

Clerk.  You are all going to go to jail" (*id*. at 6).  Plaintiff claims that his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments have been violated (*id*. at 7).  As relief, Plaintiff requests that the Clerk be removed from office and required to pay Plaintiff $1 million in damages (*id*.).

Initially, Plaintiff is advised that this Court will not tolerate Plaintiff's use of profane and inflammatory language.  Plaintiff has the right to disagree with Defendant's conduct and file suit if such conduct violated federal law; however, such opposition to Defendant's conduct does not confer upon Plaintiff license to include contemptuous and abusive language in his written filings. Furthermore, if Plaintiff ignores this Court's warning, it is well-settled that district courts possess the inherent power to sanction errant litigants before them.  *See* Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing district courts' inherent authority to enforce orders and provide for efficient disposition of litigation); F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  Indeed, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (internal quotations and brackets omitted). Under this authority, federal courts are empowered to impose a wide range of sanctions for offensive or disrespectful conduct.  *See* F.J. Hanshaw, 244 F.3d at 1136 ("As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."); In re Prewitt, 84 Fed. Appx. 397, 2003 WL 22965563 (5th Cir. Dec. 17, 2003) (district court had inherent power to ban attorney from third floor of federal courthouse in Greenville, Mississippi); Shepherd v. American Broad. Cos., Inc., 62 F.3d 1469, 1472 (D.C. Cir. 1995) (pursuant to inherent power, courts may protect institutional integrity "with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments").  "[T]he choice of an appropriate sanction must be handled on a case-by-case basis."

Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003); *see also* In re Prewitt, 280 F. Supp. 2d 548, 562 (N.D. Miss. 2003) ("The court possesses the discretion to tailor sanctions to the particular facts of the case.").

Notwithstanding Plaintiff's pro se status, his pleadings must exhibit proper decorum and respect, regardless of whether he is upset with Defendant's conduct. Plaintiff is hereby notified that all future pleadings, motions and other papers he files in this or any other action proceeding before the undersigned must comport with the basic standards of decorum and respect, as described in this Order. Failure to do so may result in the imposition of sanctions.

Additionally, the court notes that Plaintiff did not follow the instructions on the complaint form. The Statement of Claims section of the form directs Plaintiff to state the federal rights he claims have been violated and relate each claim to the facts alleged in the Statement of Facts section of the form (*see* Doc. 1 at 7). Instead of following this instruction, Plaintiff merely listed constitutional amendments (*id.*). This is insufficient. Plaintiff must state how Defendant violated each constitutional provision he identifies by relating the facts to each claimed violation.

To the extent Plaintiff claims that Defendant's conduct deprived him of access to the courts in violation of the First Amendment, he has failed to satisfy the legal standard for stating a constitutional violation. It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 350–51. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354-55 (quoting Wolff v. McDonnell, 418

U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).  Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendant's actions.  Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998).  So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts.  Wilson, 163 F.3d at 1291.  Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291.

In the instant case, Plaintiff does not allege, nor do the facts suggest, that the Clerk's failure to send him "another" civil rights complaint form and the address for the United States Supreme Court hindered his ability to actually proceed with his claims.  The fact that Plaintiff was able to file the instant complaint is evidence that he was not hindered from filing a civil rights complaint.  Furthermore, he has failed to show that the claims he was pursuing had arguable merit.  Therefore, he has failed to state a First Amendment claim.

To the extent Plaintiff contends Defendant's conduct violates his due process rights, he cannot state a due process violation.  If a constitutional claim is covered by a specific constitutional provision, such as the First Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.  *See* County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (citations omitted).  Thus, substantive due process analysis is inappropriate if Plaintiff's claims are covered by another constitutional amendment.  *Id.*  In the instant case, Plaintiff's claims are covered by the First Amendment; therefore, to the extent he asserts a due process violation based upon the same conduct, his due process claim is subject to dismissal.

Plaintiff's allegations of conspiracy are also subject to dismissal.  In civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient.  Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990); Kearson v. Southern Bell Telephone & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985).  The complaint must demonstrate that the conspiratorial acts intruded upon Plaintiff's federal rights, and it must show that Defendants reached an agreement or understanding to commit the acts.  Bendiburg, *supra*; *see also* Harvey v.

Harvey, 949 F.2d 1127 (11th Cir. 1992); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984). Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

In the instant case, Plaintiff provides no background of material facts with which to support his allegation of a general conspiracy by Defendant and others; therefore, his conspiracy claim is not actionable.

Finally, Plaintiff is not entitled to the $1,000,000.00 damages he seeks absent an allegation that he has suffered physical harm as a result of the alleged constitutional deprivation. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10–11 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied,* 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege physical injury arising from Defendant's actions. Because the PLRA forbids the litigation of Plaintiff's claim for $1,000,000.00 damages while Plaintiff is imprisoned, the claim is subject to dismissal.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 28 U.S.C. § 1331. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form. In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

Case No.: 3:07cv315/LAC/EMT

**DONE AND ORDERED** this 17<u>th</u> day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**