IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                                    Case No.: 3:07cv315/LAC/EMT

WILLIAM McCOOL, CLERK, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (Doc. 15).  Leave to proceed in forma pauperis has been granted (Doc. 10).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its

face.  *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff, an inmate of the Escambia County Jail, names two Defendants in this action, William McCool, Clerk of the United States District Court for the Northern District of Florida, and "Mrs. Lyn," identified as a deputy clerk (Doc. 15 at 1, 2).  Plaintiff alleges Defendants refused to send him a civil rights complaint form (*id*. at 5).  Plaintiff claims that this conduct violates his constitutional rights to counsel, freedom of speech, access to the courts, due process, freedom from illegal search and seizures, and freedom from slavery, guaranteed by the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments (*id*. at 5–7).  Plaintiff also suggests that Defendants conspired to deprive him of these constitutional rights (*id*. at 6).  As relief, Plaintiff seeks monetary damages in the amount of one million dollars (*id*. at 7).

Initially, Defendants are entitled to immunity insofar as they are sued in their official capacities.  A suit against Defendants in their official capacities in tantamount to a suit against the United States.  No suit may be brought against the United States, however, unless the United States waives its sovereign immunity and consents to be used.  The United States has not waived sovereign immunity in Bivens actions.  Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 688–89, 69 S. Ct. 1457, 1461, 93 L. Ed. 2d 1628 (1949); *see also* Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982).  Therefore, Plaintiff's claims against Defendants in their official capacities should be dismissed.

Plaintiff's claims against Defendants in their individual capacities should also dismissed. To the extent Plaintiff claims that Defendants' conduct deprived him of access to the courts in violation of the First Amendment, he has failed to satisfy the legal standard for stating a constitutional violation.  It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.  Lewis v. Casey, 518 U.S.

343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996);[1] Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved.  Lewis, 518 U.S. at 350–51.  The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353.  Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354.  Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).  Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendant's actions.  Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998).  So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts.  Wilson, 163 F.3d at 1291.  Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291.

In the instant case, Plaintiff does not allege, nor do the facts suggest, that Defendants' failure to send him a civil rights complaint form hindered his ability to actually proceed with his claims.  Indeed, the fact that Plaintiff was able to file the instant complaint is evidence that he was not hindered from filing a civil rights complaint.  Furthermore, he has failed to show that the claims he was pursuing had arguable merit.  Therefore, he has failed to state a First Amendment claim of denial of access to the courts.

---

[1] Courts generally apply section 1983 law to Bivens cases.  Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

Likewise, Plaintiff has failed to state a constitutional claim of denial of his right to freedom of speech.  The First Amendment generally prevents the Government from proscribing speech because of disapproval of the ideas expressed.  <u>R.A.V. v. City of St. Paul, Minn.</u>, 505 U.S. 377, 382, 112 S. Ct. 2538, 2542, 120 L. Ed. 2d 305 (1992) (citations omitted).  Indeed, "[co]ntent-based regulations are presumptively invalid." *Id.* (citations omitted).  In the instant case, the fact that Defendants refused to send Plaintiff a complaint form does not constitute a restriction on Plaintiff's speech, and even if it did, Plaintiff does not allege that Defendants were aware of the ideas Plaintiff intended to express, let alone that the basis for their refusal to send him the form was the ideas he intended to express.  Therefore, Plaintiff's has failed to state a First Amendment claim of denial of his right to freedom of speech.

To the extent Plaintiff contends Defendants' conduct violates his due process rights, he cannot state a due process violation.  If a constitutional claim is covered by a specific constitutional provision, such as the First Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.  *See* <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (citations omitted).  Thus, substantive due process analysis is inappropriate if Plaintiff's claims are covered by another constitutional amendment.  *Id.*  In the instant case, Plaintiff's claims are covered by the First Amendment; therefore, to the extent he asserts a due process violation based upon the same conduct, his due process claim should be dismissed.

Plaintiff's claims under the Fourth, Sixth, and Thirteenth Amendments are frivolous.  In support of his Fourth Amendment claim, Plaintiff alleges that Defendants' refusal to send him a complaint form constituted a "seiz[ure] [of] my right to be heard . . . They were binding me and holding me down by using a discretionary power that they do not have." (Doc. 15 at 6).  In support of his Thirteenth Amendment claim, Plaintiff asserts that Defendants' refusal to send the form "made me subject to their control. . . . Just like a n***** slave I was being told to shut up and was further confined and punished for seeking legal remedy" (*id*. at 5).  The legal theories upon which Plaintiff relies for his Fourth and Thirteenth Amendment claims are indisputably meritless, and he asserts absolutely no facts to support his Sixth Amendment claim of denial of his right to counsel; therefore, these claims should be dismissed as frivolous.

Case No.: 3:07cv315/LAC/EMT

Plaintiff's allegations of conspiracy should also be dismissed. In civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990); Kearson v. Southern Bell Telephone & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985). The complaint must demonstrate that the conspiratorial acts intruded upon Plaintiff's federal rights, and it must show that Defendants reached an agreement or understanding to commit the acts. Bendiburg, *supra*; *see also* Harvey v. Harvey, 949 F.2d 1127 (11th Cir. 1992); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984). Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). In the instant case, Plaintiff has failed to show that Defendants' conduct intruded upon his federal rights, as discussed *supra*; therefore, he has failed to state an actionable conspiracy claim.

Finally, Plaintiff is not entitled to the $1,000,000.00 damages he seeks as he does not allege that he has suffered physical harm as a result of the alleged constitutional deprivation. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10–11 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover

compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege physical injury arising from Defendants' failure to send him a complaint form. Because the PLRA forbids the litigation of Plaintiff's claim for $1,000,000.00 damages while Plaintiff is imprisoned, the claim should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i, ii).

2. That this action be **DISMISSED** and the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**